| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| **Caption in Compliance with D.N.J. LBR 9004-2(c)**<br>**Robertson, Anschutz, Schneid, Crane & Partners, PLLC**<br>Authorized Agent for Secured Creditor<br>130 Clinton Road, Lobby B, Suite 202<br>Fairfield, NJ 07004<br>Telephone: 973-575-0707<br>Facsimile: 973-404-8886<br><br>Shauna Deluca, Esq. (SD-8248) | Order Filed on January 25, 2022<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>**Barry W. Herbert,**<br>    Debtor.<br><br>**JoAnn Herbert,**<br>    Joint Debtor. | Case No.:    20-15802-CMG<br><br>Chapter:    13<br><br>Hearing Date:  January 19, 2022<br><br>Judge:    Christine M. Gravelle |

### INTERIM ORDER ON SECURED CREDITOR'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

The relief set forth on the following pages, numbered two (2) is hereby **ORDERED**.

**DATED: January 25, 2022**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

Page 2

THIS MATTER having come before the Court on Secured Creditor's Motion for Relief from the Automatic Stay (the "Motion") filed by Robertson, Anschutz, Schneid, Crane & Partners, PLLC, attorneys for NewRez LLC d/b/a Shellpoint Mortgage Servicing (the "Secured Creditor") with respect to the real property commonly known as 10 Cartlidge Avenue, Trenton, NJ 08610 (the "Property"), and debtors Barry W. Herbert and JoAnn Herbert (the "Debtors"), by and through their counsel, Kevin C. Fayette, having opposed the Motion; and for good cause shown, it is ORDERED AND DECREED as follows:

1. The hearing on Secured Creditor's Motion, filed on November 18, 2021 at Docket Entry No. 33, is hereby adjourned to May 4, 2022 at 9:00 A.M.

2. The Debtors were previously approved of a COVID-19 Forbearance Agreement, and shall have ninety (90) days from the date of entry of this Order (the "Deadline") to apply for, and secure, a Partial Claim Modification with Secured Creditor.

3. Secured Creditor shall not demand the outstanding post-petition arrearages pending the Debtors' application for a Partial Claim Modification. However, should the Debtors fail to secure a Partial Claim Modification by the Deadline, or otherwise fail to comply with any of the provisions prescribed within this Order, the Debtors shall confer with Secured Creditor regarding a reasonable agreement to cure any existing post-petition arrears at that time. Should the Debtors fail to do so, the court shall enter an Order granting Secured Creditor Relief from the Automatic Stay.

4. The Debtors shall continue to maintain ongoing post-petition payments in the amount of $1,169.06 directly to Secured Creditor while their application for a Partial Claim Modification is pending.